UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-62064

UNITED STATES OF AMERICA,

    **Plaintiff**

vs.

TAMECA LIPTROT,

    **Defendant,**
_____/

## COMPLAINT FOR ENTRY OF CONSENT JUDGMENT

The United States of America, by and through the undersigned Assistant United States Attorney for the Southern District of Florida, sue Defendant, Tameca Liptrot, ("Defendant") and alleges as follows:

1. The Defendant Temeca Liptrot resides within the Southern District of Florida.

2. This Court has jurisdiction over this case under 31 U.S.C. §§ 3732(a) and 28 U.S.C. §§ 1331, 1345.

3. In October, 2024, Defendant entered into a settlement agreement with Plaintiff United States of America for the purpose of resolving a dispute under the False Claims Act, 31 U.S.C. § 3729 *et seq.* and common law causes of action (the "Settlement Agreement"). A copy of the Settlement Agreement is attached as Exhibit 1 to this Complaint and incorporated by reference herein.

4. Defendant consents to the jurisdiction of the United States District Court for the Southern District of Florida for the resolution of this dispute. *See* Exhibit "1", ¶ 10.

5. Under the terms of the Settlement Agreement, Defendant agreed to pay to the United States the aggregate sum of $66,000.00. *See* Exhibit "1" at 3-4, ¶ 1.

6. Also under the terms of the Settlement Agreement, Defendant agreed that in the event that Defendant defaulted and failed to pay the Settlement Amount within three (3) business days of Defendant's failure to cure the default pursuant to the cure provisions of the Settlement Agreement, the government may enter a consent judgment for the difference between the remaining unpaid balance of the Settlement Amount and $66,000.00, plus interest at the rate of 10% per annum, compounded daily from the date of default. *See* Exhibit "1", ¶ (1)(B), (C). The Defendant made a single $400.00 payment on December 5, 2024, but has made no additional payments. Accordingly, the Plaintiff is entitled to a judgment in the sum of $65,600.00 plus interest.

7. The United States has given Defendant written notice of default under the terms of the Settlement Agreement and demanded that Defendant cure that default by tendering payment in full on the cure amount under the terms of the Settlement Agreement. A true copy of the Notice of Default the United States provided to Defendant is attached hereto as Exhibit "2." The United States has given Defendant three business days to cure the default, as provided in the Settlement Agreement, but Defendant has failed to respond or to make arrangements to comply with the terms of the Settlement Agreement.

8. Upon execution of the Settlement Agreement, Defendant voluntarily entered into a Stipulation for Entry of Consent Judgment in the amount of the unpaid balance, a copy of which is attached hereto as Exhibit "3." Also, under the terms of the Settlement Agreement, Defendant agreed that in the event that Defendant defaulted and failed to pay the Settlement

Amount within three (3) calendar days of Defendant's failure to cure the default, the United States may file the Stipulation for Entry of Consent Judgment in the form appended hereto as Exhibit "3" against Defendant in the amount of the remaining unpaid balance of the Settlement Amount and accrued interest. Defendant agreed not to contest any offset imposed and not to contest any Consent Judgment and/or collection action undertaken by the United States pursuant to the Settlement Agreement, either administratively or in any state or federal court, except on the grounds of actual payment to the United States. *See* Exhibit "3."

9. The United States files as Exhibit "4" hereto, a statement of debt showing the amount due and owing under the Settlement Agreement as of the date of default.

10. Defendant is indebted to the Plaintiff, the United States of America in the principal amount of $65,600.00 plus interest accruing at the rate of 10% per annum, compounded daily from the date of Default, in accordance with the terms of the Settlement Agreement. *See* Exhibit "1" attached hereto.

11. Demand has been made upon the Defendant by the United States for the sum due, but the amount due remains unpaid.

12. Pursuant to the Soldier's and Sailor's Civil Relief Act of 1940, Brett R. Geiger, Assistant United States Attorney, has researched and has advised that the Defendant is not on active Military Duty. *See* Military Status Report Exhibit "5" attached hereto.

WHEREFORE, Plaintiff, the United States of America requests the Court to enter the Consent Judgment appended as Exhibit "3" and thereby enter judgment for the United States against Defendant Tameca Liptrot, in the amount of $65,600.00, plus pre-judgment interest which has accrued since the date of default, plus interest at the post-judgment rate of interest

from the date this Consent Judgment is entered until it is satisfied.

Dated at Miami, Florida on this 14th day of October, 2025.

                                                            Respectfully submitted,

                                                            JASON A. REDING QUIÑONES
                                                            UNITED STATES ATTORNEY

By: _____
               Brett R. Geiger
               Court No.: A5502622
               Assistant United States Attorney
               Brett.Geiger@usdoj.gov
               99 N.E. 4th Street, 3rd Floor
               Miami, FL 33132-2111
               Tel No.: 305.961.9190